1  **Matthew S. Parmet** (CSB # 296742)
   matt@parmet.law
2  **PARMET PC**
3  340 S. Lemon Ave., #1228
   Walnut, CA 91789
4  phone 310 928 1277

5  **Douglas B. Welmaker** (*seeking admission pro hac vice*)
6  **MORELAND VERRETT, PC**
   700 West Summit Dr.
7  Wimberley, Texas 78676
   Phone: (512) 782-0567
8  Fax: (512) 782-0605
   Email:  doug@morelandlaw.com
9

10 **Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID WESTMORLAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> MERLIN GLOBAL SERVICES, LLC; AEVEX AEROSPACE; and DOES #1 through #50, inclusive, <br><br> Defendants. | Case No. **'21CV0970 BEN MSB** <br><br> **Plaintiff's Original Class and Collective Action Complaint for Damages** <br><br> 1. Failure to pay overtime compensation (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*) <br> 2. Failure to pay wages (CAL. LAB. CODE §§ 510, 1194, 1194.5; IWC Wage Orders) <br> 3. Failure to provide compensation for missed meal and rest periods (CAL. LAB. CODE §§ 226.7, 512; IWC Wage Orders) <br> 4. Violations of record keeping requirements (CAL. LAB. CODE § 226) <br> 5. Waiting time penalties (CAL. LAB. CODE § 203) <br> 6. Violation of Unfair Competition Law (CAL. BUS. & PROF. CODE §§ 17200, *et seq.*) |

## SUMMARY

1. David Westmorlan brings this lawsuit to recover unpaid overtime wages and other damages owed by Merlin Global Services, LLC ("Merlin") and Aevex Aerospace ("Aevex").

2. Westmorlan and other hourly drone mechanics employed by Merlin and Aevex regularly worked in excess of 8 hours in a day and 40 hours in a week.

3. But Merlin and Aevex did not pay Westmorlan and the other employees the proper overtime rate for all of these hours.

4. Instead, Merlin and Aevex paid Westmorlan and the other employees the same hourly rate, even when they should have received an overtime premium.

5. Further, Merlin and Aevex did not provide required meal and rest periods to Westmorlan and the other workers, as mandated by California law.

6. This action seeks to recover the unpaid overtime wages and other damages owed by Merlin and Aevex to these employees.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. This Court has original jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

9. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Merlin and Aevex reside in this District.

11. Westmorlan worked for Merlin and Aevex in this District.

12. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

13. **David Westmorlan** is a natural person.

14. Westmorlan was an hourly employee of Merlin and Aevex.

15. Westmorlan worked for Merlin and Aevex as a drone mechanic.

16. Westmorlan began working for Merlin and Aevex in September 2, 2018.

17. Westmorlan's written consent is attached as Exhibit A.

18. Westmorlan represents at least two classes of similarly situated Merlin and Aevex employees.

19. Westmorlan represents a class of similarly situated hourly employees under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Class" is defined as:

> **All current or former hourly drone mechanics of Merlin and Aevex working in the United States who were, at any point in the past three years, paid "straight time for overtime."**

20. Westmorlan represents a class of similarly situated hourly employees under California law pursuant to Federal Rule of Civil Procedure 23. This "California Class" is defined as:

> **All current or former hourly drone mechanics of Merlin and Aevex working in California who were, at any point in the past four years, paid "straight time for overtime."**

21. Together, throughout this Complaint, the FLSA Class members and California Class members are referred to as the "Putative Class Members."

22. **Merlin Global Services, LLC** ("Merlin") is a Florida limited liability company.

23. Merlin's headquarters and principal place of business are in San Diego County, California.

24. Merlin may be served by service upon its registered agent, **Aaron Mohler, 440 Stevens Ave., Suite 150, Solana Beach, California, 92075**, or by any other method allowed by law.

25. **Aevex Aerospace** ("Aevex") is the name of the entity doing business under that name at 440 Stevens Ave., Suite 150, Solana Beach, California, 92075.

26. Aevex's headquarters and principal place of business are in San Diego County, California.

27. Aevex may be served by service upon it at **440 Stevens Ave., Suite 150, Solana Beach, California, 92075**, or by any other method allowed by law.

28. Merlin and Aevex employed and/or jointly employed Westmorlan and the Putative Class Members.

29. Merlin and Aevex are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

30. Merlin and Aevex are joint employers for purposes of California law.

31. Westmorlan is informed and believes, and on that basis alleges, that at all relevant times Merlin, Aevex, and Defendants Does #1 through #50 were affiliated, and each was the principal, agent, servant, partner, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor or predecessor in interest, joint ventures, and/or joint enterprises of Merlin and/or Aevex.

32. Merlin, Aevex, and Defendants Does #1 through #50 employed and/or jointly employed Westmorlan and the Putative Class Members.

33. Merlin, Aevex, and Defendants Does #1 through #50 are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

34. Merlin, Aevex, and Defendants Does #1 through #50 are joint employers for purposes of California law.

35. Westmorlan is unaware of the true names of Defendants Does #1 through #50, and so Westmorlan sues those Defendants under said fictitious names pursuant to California Code of Civil Procedure section 474. (*Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 802 (9th Cir. 1986).)

36. Westmorlan will amend this Complaint to show the true names and capacities of such fictitiously named Defendants after the same has been ascertained.

37. Because the true names of Defendants Does #1 through #50 are currently unknown to them, Westmorlan refers to all Defendants in this lawsuit collectively as "Merlin," "Aevex," and/or "Merlin and Aevex" throughout this Complaint.

### COVERAGE UNDER THE FLSA

38. Merlin and Aevex were each employers of Westmorlan within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39. Merlin and Aevex were and are employers of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. Merlin and Aevex were and are each part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41. During at least the last three years, Merlin and Aevex each have had gross annual sales in excess of $500,000.

42. Merlin and Aevex were and are each part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

43. Merlin and Aevex each employ many workers, including Westmorlan, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

44. The goods and materials handled, sold, or otherwise worked on by Westmorlan and other Merlin and Aevex employees and that have been moved in interstate commerce include, but are not limited to, hand tools, power tools, and engine components.

### FACTS

45. Merlin and Aevex are both defense industry contractors assisting the government in intelligence collection through the use of unmanned drones, among other things.

46. Merlin and Aevex operate in California, Utah, the Middle East, and many other places.

47. Westmorlan began working for Merlin and Aevex in September 2018.
48. Westmorlan was employed as a drone mechanic, servicing and repairing drones for Merlin and Aevex.
49. Westmorlan was an hourly employee of Merlin and Aevex.
50. Merlin and Aevex never paid Westmorlan a salary.
51. Merlin and Aevex never paid Westmorlan on a fee basis.
52. Merlin and Aevex paid Westmorlan by the hour.
53. Merlin and Aevex initially paid Westmorlan an hourly rate of $52.85
54. Later, Westmorlan's hourly rate was increased to $54.50.
55. Westmorlan's hourly rate was later increased to $56.14 .
56. Westmorlan reported the hours he worked to Merlin and Aevex on a regular basis.
57. Westmorlan's hours are reflected in Merlin and Aevex's records.
58. Merlin and Aevex paid Westmorlan at the same hourly rate for all hours worked, including those in excess of 8 in a day.
59. Merlin and Aevex paid Westmorlan at the same hourly rate for all hours worked, including those in excess of 40 in a week.
60. Westmorlan normally worked more than 8 hours in a day.
61. Westmorlan normally worked more than 40 hours in a week.
62. On average, Westmorlan worked approximately 50 to 55 hours per week, or more.
63. Rather than receiving time-and-a-half as required by the FLSA for all hours over 40 in a workweek, Westmorlan only received "straight-time" pay for overtime hours worked.
64. This "straight-time-for-overtime" payment scheme violates the FLSA.
65. And rather than receiving an overtime premium as required by California law for all hours over 8 in a day or 40 in a week, Westmorlan only received "straight-time" pay for overtime hours worked.

66. Merlin and Aevex were well aware of the overtime requirements of the FLSA.

67. Merlin and Aevex were well aware of the overtime requirements of California law.

68. Merlin and Aevex nonetheless failed to pay certain hourly employees, such as Westmorlan, overtime.

69. Merlin and Aevex's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

70. Merlin and Aevex's illegal "straight time for overtime" policy extends well beyond Westmorlan.

71. It is the "straight time for overtime" payment plan that is the "common policy or plan that violate[s] the law." (*McDonald v. Ricardo's on the Beach, Inc.*, No. CV 11-93366 PSG (MRWx), 2013 WL 228334, at *2 (C.D. Cal. Jan. 22, 2013) [internal quotations omitted].)

72. Merlin and Aevex have paid numerous hourly workers according to the same unlawful scheme.

73. Numerous employees have been victimized by this pattern, practice, and policy, which is a willful violation of the FLSA and California law.

74. Thus, from Westmorlan's observations, he is aware that the illegal practices or policies of Merlin and Aevex have been imposed on a distinct group of hourly employees.

75. These employees were all paid straight time for overtime.

76. These hourly employees are victims of Merlin's and Aevex's unlawful compensation practices and are similarly situated to Westmorlan in terms of pay provisions and employment practices.

77. Merlin and Aevex's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the day rate employees.

78. Thus, Westmorlan's experiences are typical of the experiences of the Putative Class Members he seeks to represent.

PARMET PC

79. The specific job titles or precise job locations of the various hourly mechanics do not prevent collective treatment.

80. Westmorlan has no interests contrary to, or in conflict with, the members of the FLSA or California Classes. Like each member of the proposed classes, Westmorlan has an interest in obtaining the unpaid overtime wages owed under state and federal law.

81. A class and collective action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

82. Absent this action, many FLSA and California Class members likely will not obtain redress of their injuries and Merlin and Aevex will reap the unjust benefits of violating the FLSA and California law.

83. Furthermore, even if some of the FLSA and California Class members could afford individual litigation against Merlin and Aevex, it would be unduly burdensome to the judicial system.

84. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

85. The questions of law and fact common to each of the FLSA and California Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Merlin and Aevex employed the FLSA and California Class members within the meaning of the FLSA and California law;

    b. Whether the FLSA and California Class Members were exempt from overtime;

    c. Whether Merlin and Aevex's decision to not pay overtime to the FLSA Class members was made in good faith; and

    d. Whether Merlin and Aevex's violation of the FLSA was willful.

86. Westmorlan's claims are typical of the FLSA and California Class members. Westmorlan, and the FLSA and California Class members have all sustained damages arising out of Colonial's illegal and uniform employment policy.

87. Westmorlan knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

88. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

89. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all overtime hours. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

**FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA**

90. Westmorlan incorporates each other allegation.

91. Merlin and Aevex have violated, and are violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating employees at a day rate in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the FLSA Class members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

92. Merlin and Aevex knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Class members overtime compensation.

93. Merlin and Aevex's failure to pay overtime compensation to these FLSA Class members was neither reasonable, nor was the decision not to pay overtime made in good faith.

94. Accordingly, Westmorlan and the FLSA Class members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION—FAILURE TO PAY WAGES UNDER CALIFORNIA LAW**

95. Westmorlan incorporates each other allegation.

96. The California Labor Code requires that all employees, including Westmorlan and the California Class, receive 1.5 times their hourly rate as overtime premium compensation for hours worked over eight in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order #4-2001.

97. The California Labor Code also requires that all employees, including Westmorlan and the California Class, receive two times the overtime premium compensation for hours worked over 12 in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order #4-2001.

98. The California Labor Code requires that all employees, including Westmorlan and the California Class, receive two times the overtime premium compensation for hours worked over 8 in one day, in the seventh day of a workweek. CAL. LAB. CODE §§ 510, 551–52 (2017); IWC Wage Order #4-2001.

99. Despite working over 8 hours a day as part of their normal and regular shift, Westmorlan and the California Class did not receive any overtime compensation for all hours worked over eight in one day..

100. This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Westmorlan and the California Class to recover unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit pursuant to California Labor Code section 1194.

**THIRD CAUSE OF ACTION—FAILURE TO PROVIDE**

**COMPENSATION FOR MISSED MEAL AND REST PERIODS**

101. Westmorlan incorporates each other allegation.

102. In accordance with the mandates of California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, Westmorlan and the California Class had the right to take two uninterrupted 30-minute meal periods for each day they worked 10 hours per day

and a 10 minute rest period for every four hours worked per day. CAL. LAB. CODE §§ 226.7, 512; IWC Wage Order #4-2001.

103. Although the California Labor Code requires that all employees, including Westmorlan and the California Class, receive two, 30-minute meal-period breaks when employed for 10 hours per day, Westmorlan and the California Class did not receive two meal-period breaks for each day worked, despite working shifts of 12 hours or more. CAL. LAB. CODE § 512; IWC Wage Order #4-2001.

104. As a pattern and practice, Merlin and Aevex did not provide Westmorlan and the California Class with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

105. Although the California Labor Code requires that all employees, including Westmorlan and the California Class, receive a 10-minute rest period for every four hours worked, Westmorlan and the California Class did not receive any rest periods during their shifts of 12 or more hours. CAL. LAB. CODE § 512; IWC Wage Order #4-2001.

106. As a pattern and practice, Merlin and Aevex did not provide Westmorlan and the California Class with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

107. Westmorlan and the California Class are entitled to receive compensation, at their regular rate of pay, of one hour for each day they were denied their lawfully required meal- and rest-periods. CAL. LAB. CODE § 512; IWC Wage Order #4-2001.

108. Merlin and Aevex's policy failed to provide Westmorlan and the California Class with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Westmorlan and the California Class in a civil action, for the balance of the unpaid compensation pursuant to Labor Code sections 226.7 and 512, and applicable IWC Wage Orders.

**FOURTH CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS**

109. Westmorlan incorporates each other allegation.

110. California Labor Code section 226 requires Merlin and Aevex to keep accurate records regarding the rates of pay for their California employees and provide that information to Westmorlan and the California Class with their wage payment.

111. Because Merlin and Aevex failed to pay Westmorlan and the California Class lawful wages, it did not maintain accurate records of Westmorlan and the California Class's daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Westmorlan and the California Class with their wages.

112. This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Westmorlan and the California Class to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. CAL. LAB. CODE § 226(e).

### FIFTH CAUSE OF ACTION—WAITING TIME PENALTIES

113. Westmorlan incorporates each other allegation.

114. At all relevant times, Merlin and Aevex were required to pay Westmorlan and the California Class all wages owed in a timely fashion at the end of employment pursuant to California Labor Code sections 201 to 204.

115. As a result of Merlin and Aevex's alleged California Labor Code violations, Merlin and Aevex regularly failed to pay Westmorlan and the California Class their final wages pursuant to California Labor Code sections 201 to 204, and accordingly Merlin and Aevex owes waiting time penalties pursuant to California Labor Code section 203.

116. The conduct of Merlin and Aevex, in violation of Westmorlan and the California Class' rights, was willful and was undertaken by the agents, employees, and managers of Merlin and Aevex.

117. Merlin and Aevex's willful failure to provide Westmorlan and the California Class the wages due and owing them upon separation from employment results in a continuation of wages up to 30 days from the time the wages were due.

118. Therefore, Westmorlan and the California Class members who have separated from employment are entitled to compensation pursuant to California Labor Code section 203.

**SIXTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW**

119. Westmorlan incorporates each other allegation.

120. Merlin and Aevex have engaged, and continue to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) overtime wages required under federal law; (2) overtime wages required by California law; (3) meal- and rest-period break wages; (4) accurate wage statements; and (5) waiting time penalties.

121. As a result of Merlin and Aevex's failure to comply with federal and state law, Merlin and Aevex have also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

122. The relevant acts by Merlin and Aevex occurred within the four years preceding the filing of this action.

123. On information and belief, Merlin and Aevex have engaged in unlawful, deceptive, and unfair business practices, pursuant to California's Business and Professions Code section 17200, *et seq.*, including those set forth above, depriving Westmorlan and the California Class of minimum working condition standards and conditions under California law and IWC Wage Orders as set forth above.

124. Westmorlan and the California Class are entitled to restitution for at least the following: restitution for unpaid overtime wages and unpaid California Labor Code § 203 continuation wages.

125. Westmorlan and the California Class are also entitled to permanent injunctive and declaratory relief prohibiting Merlin and Aevex from engaging in the violations and other misconduct referred to above.

126. Merlin and Aevex are also liable for fees and costs pursuant to California Code of Civil Procedure section 1021.5 and other applicable law.

## RELIEF SOUGHT

127. Westmorlan prays for judgment against Merlin and Aevex as follows:

   a. For an order certifying a collective action for the purposes of claims under the FLSA;

   b. For an order certifying a class action for the purposes of the claims under California law;

   c. For an order finding Merlin and Aevex liable for violations of state and federal wage laws with respect to Westmorlan and all class members covered by this case;

   d. For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Westmorlan and all class members covered by this case;

   e. For a judgment awarding costs of this action to Westmorlan and all class members covered by this case;

   f. For a judgment awarding attorneys' fees to Westmorlan and all class members covered by this case;

   g. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Westmorlan and all class members covered by this case; and

   h. For all such other and further relief as may be necessary and appropriate.

Date:  <u>May 20, 2021</u>

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2 | **PARMET PC** |
| 3 | */s/ Matthew S. Parmet* |
| 4 | By: _____ |
|   | **Matthew S. Parmet** |
| 5 | **Attorneys for Plaintiff** |
| 6 |   |
| 7 |   |
| 8 |   |
| 9 |   |
| 10 |   |
| 11 |   |
| 12 |   |
| 13 |   |
| 14 |   |
| 15 |   |
| 16 |   |
| 17 |   |
| 18 |   |
| 19 |   |
| 20 |   |
| 21 |   |
| 22 |   |
| 23 |   |
| 24 |   |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |   |

**PARMET PC**