

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESTMORLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERLIN GLOBAL SERVICES, LLC; AEVEX AEROSPACE; and DOES #1 through #50, inclusive,<br><br>Defendants. | **Case No. 3:21-cv-00970-BEN-MSB**<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>**Order Granting Final Approval of Class Action Settlement** |

On this day, came on for consideration Plaintiff David Westmorlan's Unopposed Motion for Final Approval of Class Settlement. The Court previously entered an order preliminarily approving of the class action settlement between Westmorlan, individually and on behalf of all others similarly situated, and Defendants and approving notice to potential class members. The terms of the settlement are set forth in the Settlement Agreement attached as Exhibit A to Westmorlan's Motion. All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Settlement Agreement

The Court has reviewed and considered Westmorlan's Motion, the exhibits thereto, the Settlement Agreement, all other materials on file in this action, and any argument of the Parties. The Court has considered whether the settlement is fair, reasonable, and adequate, based on the information provided by the Parties and obtained through its own research.

Having done so, the, the Court is of the opinion that the Motion should be and hereby is **GRANTED**.

The Court therefore ORDERS as follows:

1. The Court has subject matter jurisdiction of this action and the claims made, and it has personal jurisdiction over the Parties and the class.

2. The terms of the Parties' Settlement Agreement and Release are finally approved as being fair, reasonable, and adequate to the class members.

3. The Court previously certified the following class pursuant to Rule 23(b)(3):

   **Current and former Drone Mechanics who worked for Merlin Global Services, LLC and/or Aevex Aerospace, from May 25, 2017, to February 21, 2023.**

4. The notice provided to class members pursuant to the terms of the Settlement Agreement and the Court's Preliminary Certification Order fully and accurately informed Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice to all Class Members. The notice and the notice process fully complied with due process, Rule 23 of the Federal Rules of

Civil Procedure, and with all other applicable law.

5. Pursuant to the terms of the Settlement Agreement, Defendants agreed to pay $40,000 into a settlement fund to make payments to the Class Members, pay the Settlement Administrator the costs of notice and Settlement Administration Expenses in the amount of $700, pay a service awards to Westmorlan in the amount of $2,000, pay Class Counsel's attorneys' fees in the amount of $19,000 and reimburse Class Counsel's litigation expenses of $1,300. The Settlement Administrator Expenses ended up being $2,500, which was $1,800 more than originally anticipated in the Settlement Agreement. Defendants agreed to cover the additional Settlement Administrator Expenses, and therefore, Defendants shall pay $41,800 into the settlement fund. The Settlement Fund is non-reversionary.

6. Absent any appeal, the Effective Date of the Settlement will be September 8, 2023.

7. On or before September 18, 2023, Defendants shall deposit all funds owed under the Settlement Agreement to the Settlement Administrator.

8. On or before the tenth day after such funds are deposited with the Settlement Administrator, the Settlement Administrator shall disburse all payments to Class Members and Class Counsel under the Settlement Agreement.

9. Checks issued by the administrator will be valid for 180 days from issuance.

10. Within 21 days after final distribution of the settlement funds, Class Counsel will file a Post-Distribution Accounting to inform the Court about the administration of the settlement. The Post-Distribution Accounting will state when payments were made to Settlement Class Members and any significant or recurring concerns communicated by Settlement Class Members to the Settlement Administrator and Class Counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

11. The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of Settlement Class Members. The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, class members risked losing on the merits because their remaining claims turn on the resolution of the unsettled legal question of whether Defendants' pay practice at issue violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and/or the California Labor Code. The claims and distribution process is effective and fair. The settlement was negotiated at arms' length with the assistance of a third-party mediator. Class Counsel find the settlement to be in the best

interest of class members. No potential class member objected to the settlement or opted-out. And none of the "red flags" of potential collusion the Ninth Circuit has identified exist in this case. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). In addition, the Court finds that Plaintiff and Class Counsel adequately represented the Settlement Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approving the settlement. In making this determination, the court has considered the Southern District of California Procedural Guidance for Class Action Settlements, the criteria set forth in Federal Rule of Civil Procedure 23(e), and the factors outlined in *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011), and *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575-76 (9th Cir. 2004).

12. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement.

13. The Settlement Administrator executed the notice process according to the terms of the Settlement Agreement. The notices apprised Class Members of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the class under the Settlement Agreement; of the res judicata effect on class members and of their opportunity to object to, comment on, or opt out of, the

settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The notice process prescribed by the Settlement Agreement and approved by the Court was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Settlement Agreement, to all parties entitled to such notice. The notice given to class members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Court has afforded a full opportunity to all class members to be heard. Accordingly, the Court determines that all Class Members are bound by this Final Approval Order and the Judgment.

14. The Court approves payment of attorneys' fees in the amount of $19,000 and reimbursement of litigation costs to Class Counsel in the amount of $1,300. These amounts shall be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by Class Members.

15. The Court approves a service award payment of $2,000 for Westmorlan, the class representative, and finds the amount to be reasonable in light of the services performed by the class representatives for the classes. This amount shall be paid from the

Settlement Fund in accordance with the terms of the Settlement Agreement.

16. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Defendants of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendants in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of res judicata or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this action,

17. Plaintiff and Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged all Released California and FLSA claims, as defined in the Settlement Agreement, against the Released Persons. Plaintiff and Settlement Class Members who did not opt out of the Settlement are barred from prosecuting any Released California

and FLSA claims against the Released Persons, as defined in the Settlement Agreement.

18. If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the Parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the settlement shall be automatically void, vacated, and treated as if never filed.

19. The Court retains jurisdiction to consider all further matters arising out of or connected with the settlement, including the implementation, interpretation, and enforcement of the Settlement Agreement.

20. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment consistent with the Settlement be entered as final and appealable and the case DISMISSED WITH PREJUDICE.

July 10, 2023
Date

Roger T. Benitez
United States District Judge



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESTMORLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MERLIN GLOBAL SERVICES, LLC; AEVEX AEROSPACE; and DOES #1 through #50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00970-BEN-MSB<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>[Proposed] Order Granting Final Approval of Class Action Settlement |

This certified class action is hereby DISMISSED WITH PREJUDICE, and judgment is entered in accordance with the Settlement Agreement and the Order Granting Final Approval of Class Action Settlement. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the class representative, the settlement classes, and Defendants as to all matters concerning administration, consummation, and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

7/10/2023
Date

_____
Roger T. Benitez
United States District Judge

- 2 -